NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3758
_____

ROBERT M. BAUER,
Appellant

v.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.;
METLIFE HOME LOANS, A Division of Metlife Bank, N.A.;
GREENTREE SERVICING LLC
_____

On Appeal from United States District Court
for the Western District of Pennsylvania
(W.D. Pa. No. 1-14-cv-00079)
District Judge:  Honorable J. Frederick Motz
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 1, 2015

Before:  FISHER, JORDAN and SHWARTZ, <u>Circuit Judges</u>

(Filed: July 17, 2015)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FISHER, Circuit Judge

Robert M. Bauer appeals an order of the United States District Court for the Western District of Pennsylvania granting a motion brought by Green Tree Servicing LLC ("Green Tree") to dismiss Bauer's lawsuit on the basis that he lacks standing. We will affirm that order.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts that are necessary to our analysis.

On September 15, 2008, Bauer executed a mortgage that named himself as the borrower and AmTrust Bank ("AmTrust") as the lender, with Mortgage Electronic Registration Systems, Inc. ("MERS"), a separate corporation acting as a nominee for AmTrust and AmTrust's successors and assigns, named as the mortgagee. The mortgage provided that Bauer mortgaged, granted, and conveyed "to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS" the property in question.[1] In 2009, AmTrust and its assets were placed into receivership by the Federal Deposit Insurance Corporation ("FDIC"), which then executed a purchase and assumption agreement with New York Community Bank ("NYCB"). Subsequently, in 2012, MERS assigned Bauer's mortgage to MetLife Home Loans ("MetLife"), and in

---

[1] Appellant's App. at 21.

2013, MetLife assigned Bauer's mortgage to Green Tree. Bauer later defaulted on his mortgage and, in February 2014, Green Tree filed a mortgage foreclosure complaint against Bauer in the Court of Common Pleas of Erie County.

Shortly thereafter, Bauer commenced this action in federal court, alleging that his mortgage had been transferred to NYCB after AmTrust entered FDIC receivership, that this receivership resulted in MERS being unable to assign his mortgage, and that the subsequent transfers from MERS to MetLife and from MetLife to Green Tree were invalid. Bauer sought a declaratory judgment that neither MetLife nor Green Tree "owns the mortgage" and that he was not indebted to MetLife and Green Tree. He also requested monetary damages, among other things. Green Tree moved to dismiss the action pursuant to Rule 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure; this motion was later joined by MERS. The District Court granted the motion and Bauer timely appealed.

## II.

We have jurisdiction over this case pursuant to 28 U.S.C. § 1291. We exercise plenary review when a District Court dismisses a case for lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted.[2] Because we will dismiss all of Bauer's claims for lack of standing, we have no occasion to address the District Court's other grounds for granting the motion to dismiss.

---

[2] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 206 (3d Cir. 2009); *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

III.

The District Court, in its memorandum accompanying the order granting Green

Tree's motion to dismiss, wrote that Bauer did not have standing to bring his lawsuit

because he is not a party to the agreements assigning the mortgage nor is he a third-party

beneficiary of the assignments. Bauer challenges this determination.

"To satisfy the Article III case or controversy requirement, a plaintiff must

establish that he or she has suffered an 'injury in fact' that is both 'concrete and

particularized' and 'actual or imminent, not conjectural or hypothetical.'"[3] Therefore, we

must first determine whether Bauer has suffered or will suffer an injury in fact.

Bauer has not alleged an "invasion of a legally protected interest" and thus lacks

the injury-in-fact required to show standing.[4] He has an obligation to pay his loan on

schedule, and to surrender his house in the event of an uncured default. His interest is in

---

[3] *Doe ex rel. Doe v. Lower Merion Sch. Dist.*, 665 F.3d 524, 542 (3d Cir. 2011) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).
[4] *Lujan*, 504 U.S. at 560.

4

not being required to pay the same claim twice.[5] Because he makes no allegation of any invasion of that interest, he has not suffered an injury.[6]

Therefore, because Bauer has suffered no injury to a legally protectable interest by the assignment of the contract, we hold that Bauer does not have standing to raise his claims and the District Court properly granted Green Tree's motion to dismiss under Rule 12(b)(1).[7]

## IV.

For the reasons set forth above, we will affirm the order of the District Court.

---

[5] *See* 6A C.J.S. Assignments § 132 (2015).

[6] *See Rajamin v. Deutsche Bank Nat'l Trust Co.*, 757 F.3d 79, 85 (2d Cir. 2014) (finding lack of Article III standing when plaintiffs had "not pleaded or otherwise suggested that they ever paid defendants more than the amounts due [on their note], or that they ever received a bill or demand from any entity other than defendants," or that there was "any threat or institution of foreclosure proceedings … by any entity other than defendants"); *JP Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1263 (Pa. Super. Ct. 2013) ("Pursuant to [Pennsylvania's Uniform Commercial Code], a debtor who satisfies his obligations under a negotiable instrument cannot be required to do so again, even if the recipient of the debtor's performance is not the holder of the note in question."). *But cf. Culhane v. Aurora Loan Servs. of Neb.*, 708 F.3d 282, 289 (1st Cir. 2013) ("The foreclosure of the plaintiff's home is unquestionably a concrete and particularized injury to her.").

[7] Bauer also argues that the District Court erred in granting the motion to dismiss without having ruled on MERS's motion to set aside the order of default entered against MERS under Federal Rule of Civil Procedure 55. Where a complaint is dismissed for lack of subject matter jurisdiction, as here, a plaintiff is not entitled to an entry of default against a defendant and therefore, the entry of default is a nullity and required no action by the District Court. *Cf. Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp.*, 596 F. Supp. 2d 842, 880 (D.N.J. 2008) (concluding that plaintiff's complaint failed to establish subject matter jurisdiction and thus "granting [p]laintiff's motion for default judgment would be wholly inappropriate").